◼ EMANUEL PRIOLA, Appellant, v. RALPH TOMASETTI, Doing Business as RALPH TOMASETTI & COMPANY, Respondent, BROOKLYN UNION GAS COMPANY, Defendant and Third-Party Plaintiff-Respondent. TULLY AND DI NAPOLI, INC., Third-Party Defendant-Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, Kings County, dated November 10, 1966, upon the trial court's dismissal of the complaint and the third-party complaint at the close of plaintiff's case upon a jury trial. Judgment reversed, on the law, with one bill of costs against respondents Tomasetti and the Brooklyn Union Gas Company jointly, and new trial granted. No questions of fact have been considered. In our opinion, plaintiff's proof raised issues of fact for the jury as to the liability of either or both of the defendants. Hence, it was error to dismiss the complaint at the close of plaintiff's case. Rabin, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Martuscello, J., not voting.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE CALLAHAN, Appellant.— Judgment of the Supreme Court, Queens County, rendered February 3, 1967 *nunc pro tunc* as of July 26, 1965, convicting defendant of unlawful entry, upon a plea of guilty, modified, on the law and the facts, so as to amend the sentence, an indefinite term, to the extent that it shall run concurrently with the sentence of 3½ to 5 years which had been imposed previously by the Supreme Court in New York County, and that defendant shall be credited for the time already served. As so modified, judgment affirmed. The Criminal Term, in pronouncing judgment, did not state that the sentence imposed was to run concurrently with that previously imposed by the Supreme Court in New York. Therefore, these two sentences must be deemed to run consecutively (*Matter of Browne* v. *New York State Bd. of Parole*, 10 N Y 2d 116; *People* v. *Colavito*, 28 A D 2d 548). In our opinion the imposition of consecutive, rather than concurrent, sentences was excessive (see Penal Law, § 70.25). Consequently, this second sentence should be directed to run concurrently with the sentence imposed by the Supreme Court in New York County. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.